# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | :<br>:<br>: |
| Plaintiff, | Civil Case No. |
| v. | |
| DREAMLIFE COMMUNITY, LLC, an Ohio corporation; EDREISHA HUMPHREY, an individual; | JUDGE |
| Defendants. | |

## **COMPLAINT**

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Dreamlife Community, LLC, an Ohio corporation, and Edreisha Humphrey; an individual; (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act" or "the FLSA"), pursuant to Section 17 of the Act and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

### I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II.

(a)  Defendant Dreamlife Community, LLC ("Dreamlife") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 3410 Warsaw Ave., Cincinnati, Ohio in Hamilton County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in operating a day-care center/preschool and in the performance of related types of activities.

(b)  Defendant Edreisha Humphrey, an individual, resides at 11 Saint Edmunds Place Drive, Cincinnati, Ohio  45246, within the jurisdiction of this Court.  Defendant Humphrey is an owner of Defendant Dreamlife and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of Dreamlife in relation to its employees.  Defendant Humphrey acted directly or indirectly in the interest of the Dreamlife in relation to its employees.

## III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

## IV.

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the Act, in that said enterprise at all times hereinafter mentioned was engaged in the operation of a preschool.

**V.**

(a)  Defendants repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on January 1, 2016. Specifically, among other things, Defendants did not pay employees their final paychecks if employees did not give the employer at least two weeks written notice of departure.  Also, Defendants did not pay employees their final paychecks if Defendants believed the employees destroyed property.

**VI.**

(a)  Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants did not pay employees time and one-half for hours worked over forty hours in a work week. Also, Defendants shaved time off of employees total hours worked thereby not paying employees for all hours worked.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516. Specifically, Defendants failed to:

- keep accurate payroll records for all employees, keep accurate records of hours worked,
- keep employment records from about February 2016 to October 2016,
- keep all paper time sheets and weekly attendance sheets,
- keep copies of individual contracts with employees,
- keep a record of pertinent information of student volunteers, and
- post the FLSA poster.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their

employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

   2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

  C. For an Order awarding Plaintiff the costs of this action; and

  D. For an Order granting such other and further relief as may be necessary and appropriate.

          */s/* Maureen M. Cafferkey
          MAUREEN M. CAFFERKEY
          Counsel for Wage & Hour and Civil Rights
          U.S. Department of Labor
          881 Federal Office Building
          1240 East Ninth Street
          Cleveland, Ohio 44199
          (216) 522-3872; Fax (216) 522-7172
          *cafferkey.maureen@dol.gov*


          OF COUNSEL:

          CHRISTINE Z. HERI
          Regional Solicitor

          BENJAMIN T. CHINNI
          Associate Regional Solicitor

Case: 1:18-cv-00492-TSB Doc #: 1 Filed: 07/20/18 Page: 6 of 6  PAGEID #: 6