# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | Case No. 1:18-cv-492 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| DREAMLIFE COMMUNITY, LLC, *et al.*, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT (Doc. 12)

This case is before the Court on the Plaintiff's motion for judgement by default. (Doc. 12). Defendants Dreamlife Community, LLC ("Dreamlife") and Edreisha Humphrey did not respond.

### I.  PROCEDURAL HISTORY

Plaintiff filed the Complaint on July 20 2018. (Doc. 1). Defendants were served with a copy of the summons and Complaint on August 21, 2018. Pursuant to Federal Rule of Civil Procedure 12(a), Defendants were required to file and serve their answer no later than September 11, 2018. To date, no responsive pleading has been filed or served. On December 6, 2018, the Clerk properly entered default. Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 12).

## II. FACTUAL BACKGROUND

Plaintiff brought this action to recover unpaid minimum wage and overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA"). Defendant Dreamlife was engaged in operating a day-care center/preschool in Cincinnati, Ohio. (Doc. 1 at 2). Defendant Humphrey is the owner of Dreamlife. (*Id.*).

As alleged in the Complaint, Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the FLSA by paying employees for wages at rates less than $7.25 per hour, specifically by not paying employees their final paychecks if employees did not give the employer at least two weeks written notice of departure or if Defendants believed employees destroyed property. (*Id.* at 3).

Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) by employing employees for workweeks longer than forty (40) hours without compensating the employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed. Defendants did not pay employees time and one-half for hours worked over forty hours and shaved time off of employees' total hours worked. (*Id.*).

Defendants repeatedly violated provisions of §§ 11(c) and 15(a)(5) by failing to make, keep, and preserve adequate and accurate records of the wages, hours, and conditions of employment from approximately February 2016 to October 2016. (*Id.* at 4).

2

Plaintiff seek an Order (i) finding Defendants liable for unpaid minimum wage and overtime compensation and liquidated damages equal in amount to the unpaid compensation and (ii) enjoining and restraining Defendants from violating the FLSA by withholding payment of unpaid minimum wage and overtime compensation. (*Id*. at 5).

### III. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Murasaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## IV.    ANALYSIS

Defendants having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Upon review of the record, the Court finds that default judgment is warranted in this case. Defendants' failure to respond to the Complaint, the application for entry of default, or motion for default judgment has made it clear that Defendants have no intention of defending this action. The record establishes that Plaintiff is entitled to default judgment in its favor on its claims under the Fair Labor Standards Act.

### A. Monetary Damages

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff has submitted the declaration of Nikolai S. Bogomolov, an investigator employed by the United States Department of Labor, in support of its claim for damages. (Doc. 12-1). The declaration establishes that six (6) of Defendants' employees were not

paid the minimum wage of $7.25 per hour. Those six (6) employees are due $1,833,82 in back wages. (*Id.* at ¶ 3(d)). The declaration further establishes that twenty-one (21) of Defendants' employees were not paid time and one-half for all hours worked over 40 in a workweek. Those twenty-one (21) employees are owed $8,380.41 in back wages. (*Id.* at (e)–(f)). Accordingly, combined Defendants owe twenty-three (23) employees $10,214.23 in back wages. (*Id.* at (g)).

Moreover, the declaration sets forth that Defendants additionally owe $10,214.23, pursuant to the FLSA, in liquidated damages. Therefore, Defendants owe a total of $20,428.46. (*Id.* at (h)).

The allegations in the Complaint, and the evidence set forth by Plaintiff, establish that Defendants' employees are entitled to a total of $20,428.46 in back wages and liquidated damages. The amount owed to each of Defendants' former employees shall be distributed as indicated in Table 1 below:

| Name | Period Covered | Back Wages Due | Liquidated Damages | Total: |
|---|---|---|---|---|
| Allen, Neeley | 10/01/16-07/15/17 | $1,092.09 | $1,092.09 | $2,184.18 |
| Chapman, Darryas | 02/04/17-05/27/17 | $466.80 | $466.80 | $933.60 |
| Coleman, Kai | 10/08/16-06/17/17 | $845.81 | $845.81 | $1,691.62 |
| Cross, Treva | 05/06/17-07/01/17 | $586.29 | $586.29 | $1,172.58 |
| Dowell, Joy | 10/01/16-01/21/17 | $47.65 | $47.65 | $95.30 |
| Gill, Princess | 06/04/16-06/17/17 | $422.22 | $422.22 | $844.44 |
| Humphrey, Neeley | 10/08/16-10/22/16 | $73.43 | $73.43 | $146.86 |

| | | | | |
|---|---|---|---|---|
| Humphrey, Yolanda | 01/28/17-06/17/17 | $589.05 | $589.05 | $1,178.10 |
| Angela | 03/11/17-03/25/17 | $71.72 | $71.72 | $143.44 |
| Lonnie | 01/14/17-03/25/17 | $33.13 | $33.13 | $66.26 |
| Malena | 01/14/17-01/21/17 | $23.68 | 23.68 | $47.36 |
| Long, Therese | 06/03/17-06/24/17 | $305.73 | $305.73 | $611.46 |
| Lumpkin, Fatimah | 04/02/16-07/15/17 | $1,815.54 | $1,815.54 | $3,631.08 |
| Martin, Terra | 10/22/16-11/19/16 | $88.29 | $88.29 | $176.58 |
| McDavis, Antionetta | 10/01/16-12/10/16 | $47.04 | $47.04 | $94.08 |
| Mendez, Nircy | 07/16/16-08/19/17 | $1,389.57 | $1,389.57 | $2,779.14 |
| Perry-Smith, Claudia Fatima | 07/02/16-07/09/16 | $174.00 | $174.00 | $348.00 |
| Rollinson, Jasmine | 02/11/17-05/20/17 | $150.29 | $150.29 | $300.58 |
| Rudolph, Jawanna | 05/27/17-07/01/17 | $209.25 | $209.25 | $418.50 |
| Soult, Kelsey | 10/29/16-12/10/16 | $65.29 | $65.29 | $130.58 |
| Spivery, Vanessa | 10/08/16-10/29/16 | $92.51 | $92.51 | $185.02 |
| Thompson, Audrea | 05/07/16-07/22/17 | $1,548.91 | $1,548.91 | $3,097.82 |
| Tuck, Chanta | 03/18/17-06/17/17 | $75.94 | $75.94 | $151.88 |
| **TOTAL** | **TOTAL** | **$10,214.23** | **$10,214.23** | **$20,428.46** |

(Doc. 12-3).

# V. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 12) is

**GRANTED**.  Accordingly:

1. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the FLSA in any of the following manners:

   a. Defendants shall not pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than the applicable minimum wage of $7.25 under the FLSA (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

   b. Defendants shall not employ any of their employees engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than forty (40) hours, unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed.

   c. Defendants shall not fail to make, keep, and preserve records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator of the Secretary of Labor issued, and from time to time amended, pursuant to § 11(c) of the FLSA, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendants in the amount of $20,428.46 for unpaid minimum wage and overtime compensation due under the FLSA and liquidated damages in an equal amount, for which execution may issue, to be distributed to Defendants' employees for the time periods and in the amounts indicated in Table 1, *supra* at 5–6.

a. Defendants shall make said payment to Plaintiff for disbursement by Plaintiff as prescribed by law, provided that any money not so distributed by Plaintiff within a reasonable time because of Plaintiff's failure to locate the proper persons or because of any such person's refusal to accept such money shall be covered into the Treasury of the United States as miscellaneous receipts.

3. No costs or disbursements are allowed.

4. This civil action is **TERMINATED** on the docket of this Court upon entry of Judgment.

**IT IS SO ORDERED.**

Date: 2/14/2019   */s/ Timothy S. Black*
Timothy S. Black
United States District Judge